

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS

Gerald C. Mann
PRICE DANIEL
ATTORNEY GENERAL

March 8, 1939

Hon. Otto P. Moore
County Attorney
Colorado County
Columbus, Texas

Dear Sir:

Opinion No. 0-328
Re: Question of eligibility to hold
office of Justice of the Peace
as raised under Article 2940,
Revised Civil Statutes.

Your letter of February 9th addressed to Hon. Gerald C.
Mann, Attorney General of Texas, has been received by this Department wherein you ask the question as to whether a man can legally
qualify and hold the office of Justice of the Peace, having acted as one
of the judges of the general election at which he was elected.

Permit us to set forth the following facts upon which your
question is based:

"One of the judges of the election was
nominated as Justice of the Peace for Precinct #3 at the last Primary election. This
man did not have his name on the ticket at
the Primary election but his name was written in and he was nominated for the office of
Justice of the Peace for that Precinct. Then
at the General election, the same man who was
nominated in the Primary election for the office of the Justice of the Peace again acted as
Judge at the General election, wherein he was
elected as Justice of the Peace, his name having been on the ticket at the time. A short time

before time for this man to make bond, objection was made that he was not qualified to act as Judge of the election at the time he was elected to an office. There was no protest against his acting as judge, so far as I know, at the time he acted as Judge of election, neither was there any contest of the election had."

The above question calls for an opinion as to whether or not such a person is eligible to hold the office mentioned in view of Article 2940 which reads in part:

"No one who holds an office of profit or trust under the United States or this State....or who is a candidate for office,.....shall act as judge, clerk or supervisor of any election...."

The establishment of the office of Justice of the Peace is provided for under Article 5, Section 1 of the Constitution of Texas. Also under Article 5 of the Constitution, we find the following Section 18:

"....In each such precinct there shall be elected at each biennial election, one justice of the peace and one constable, each of whom shall hold his office for two years and until his successor shall be elected and qualified; ...."

Article 2373 provides:

"The qualified voters of each justice precinct in this State, at each biennial election, shall elect one justice of the peace, styled in this title 'justice,' who shall hold his office for two years. Each justice shall give bond payable to the county judge in the sum of one thousand dollars, conditioned that he will faithfully and impartially discharge the duties required of him by law, and will promptly pay over to the party entitled to receive it, all moneys that may come into his hands during his term of office."

Eligibility to a State office belongs equally to all persons not excluded by the Constitution or statutes. We are unable to find any provision in the Constitution or the statutes of this State prescribing rules of eligibility for qualifying the person to hold the office of Justice of the Peace.

Article 2940, supra, specifically prohibits one who is a candidate for State office from acting as judge, clerk or supervisor of any general election. But as declared in Savage vs. Umphries, 118 SW 893, wherein the question was raised, the provisions of this statute were directed only to the proper holding and conducting of the election and not to the eligibility or disqualification of a person otherwise qualified, who received the majority of votes at such election, to hold office.

Where the Constitution is so framed which contains no provisions defining the terms "who shall be eligible to office", such, we think, supports the fact that the intention of the framers of the Constitution was to confide the election of such officers to the untrammeled will of the electors. The principle upon which our view is expressed is well laid down in the case of Henry Stouseff vs. State of Texas ex rel Gustavus Lacour (Tex. Sup. Ct.) 15 SW 1100, 12 L. R. A. 364.

It is, therefore, the opinion of this Department that a person who acted as judge at the general election wherein he received a majority of the legal votes cast for the office for which he was a candidate, in violation of Article 2940, R. C. S., is not merely by reason of such violation disqualified from holding the office.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WmK:AW

APPROVED:
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS